**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o CENTORR d/b/a VACUUM INDUSTRIES, 1 Tower Square. Hartford, CN 06103, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2022-cv- |
| DAYTON FREIGHT LINES, INC., 6450 Poe Avenue. Dayton, OH 45414, | ) ) ) ) | JUDGE: |
| and | ) ) | |
| A. DUIE PYLE, 650 Westtown Road. West Chester, PA 19381, | ) ) ) ) | Complaint-Carmack Amendment |
| Defendants. | ) ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA as subrogee of CENTORR d/b/a VACUUM INDUSTRIES, by and through its attorneys, THOMPSON, BRODY & KAPLAN, LLP, for its Complaint at Law against the Defendants, DAYTON FREIGHT LINES, INC., and A. DUIE PYLE, states as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the controversy pursuant to 28 U.S.C. §1331, as this matter arises under and pursuant to a Federal statute, 49 U.S.C. §14706 ("the Carmack Amendment").

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the acts and omissions giving rise to Plaintiff's claim occurred in this Judicial District, including the locale where the loss and damages occurred.

## THE PARTIES

3. At all times relevant, the Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers" or "Plaintiff"), was a Minnesota company with its headquarters located in Connecticut and was licensed to issue cargo insurance policies to businesses, including the insured, Centorr.

4. At all times relevant, Travelers was the insurer and had issued a policy covering the property and shipment described herein, against which the claims have been presented and paid. Travelers is therefore subrogated to the extent of its payments, and is therefore entitled to maintain this action.

5. At all times relevant, Travelers' insured, CENTORR d/b/a VACUUM INDUSTRIES ("Centorr"), had its principal place of business located at 55 Northeastern Boulevard in Nashua, New Hampshire 03062.

6. At all times relevant, Centorr was a manufacturer of high temperature vacuum and controlled atmosphere furnaces that required specialty materials, including specialty manufactured Graphite Furnace susceptors.

7. At all times relevant, Centorr purchased and maintained an insurance policy with Travelers (Policy No. ZOC-14P04327-20-ND) ("the policy"), covering damage to property owned by Centorr, and this policy was in full force and effect on April 6th, 2021, the date the subject loss was discovered by Centorr.

8. At all times relevant, the Defendant, DAYTON FREIGHT LINES INC., ("Dayton Freight" or "Defendant"), was a corporation engaged in Less Than Truckload Transportation Services ("LTL"), that maintained a service center at 7400 Wall Street in Cleveland, Ohio 44125.

9. At all times relevant, the Defendant, A. DUIE PYLE, ("A. Duie Pyle" or "Defendant") was a corporation engaged in transportation and logistics that maintained an LTL Service Center at 10225 Phillip Parkway in Streetsboro, Ohio 44241.

## COMMON ALLEGATIONS

1-9. The Plaintiff hereby realleges Paragraphs 1 through 9 above as though fully set forth herein.

10. Centorr ordered Graphite Furnace susceptors ("the subject cargo") from a manufacturer and supplier, Mersen (under Purchase Order No. 173270, attached as Exhibit "A").

11. The subject cargo included seven (7) crates of Graphite Furnace susceptors, weighing 14,236 pounds, marked "Fragile-DO NOT STACK".

12. The subject cargo was packed in customized purpose-built crates supplied by the manufacturer, with specialty packaging, for protection during transport.

13. The packaging was well-executed and offered protection when subject to the standard handling and shipping.

14. A. Duie Pyle was hired to transport the subject cargo from Greenville, Michigan to Centorr in New Hampshire.

15. Upon information and belief, A. Duie Pyle in turn subcontracted with Dayton Freight to perform carriage of the subject cargo from the manufacturer in Greenville, Michigan to the A. Duie Pyle LTL Service Station in Streetsboro, Ohio.

16. The A. Duie Pyle and Dayton Freight subcontract was for the benefit of the Plaintiff, Centorr.

17. On or about April 1st, 2021, the Defendant, Dayton Freight, picked-up the subject cargo from the manufacturer in Greenville, Michigan (Pro No. 599957895).

18. On or about April 2nd, 2021, Dayton Freight arrived in Streetsboro, Ohio at the A. Duie Pyle Transport Center and transferred the subject cargo to the Defendant, A. Duie Pyle.

19. At the time of its arrival, the subject cargo and/or its packaging appeared to be damaged.

20. At the time of its arrival, certain cargo had been repackaged.

21. Upon information and belief, A. Duie Pyle and/or Dayton Freight attempted to repackage certain cargo.

22. Centorr was unaware of the damage and/or the repackaging of the subject cargo.

23. Centorr did not grant authorization to either A. Duie Pyle or Dayton Freight to repackage the cargo.

24. The repackaging of the cargo was done improperly.

25. A. Duie Pyle received eight (8) crates of the subject cargo with some items separated and/or repackaged.

26. A. Duie Pyle failed to inform Centorr that they had received damaged and/or repackaged cargo.

27. On or about April 6th, 2021, the Defendant, A. Duie Pyle delivered the subject cargo to Centorr in Nashua, New Hampshire (Pro No. 97375232).

28. Dayton Freight and A. Duie Pyle failed to deliver the cargo in the same condition as when it was given to them, and as agreed and as contracted.

29. Upon arrival at Centorr, it was discovered that five (5) of the eight (8) crates were altered from the time that they had left the manufacturer.

30. Upon inspection, one (1) crate had been punctured with a fork truck blade and the contents of that seventh crate appeared to have been repackaged in a Gaylord Box which was inadequate and improper for the subject cargo.

31. Because the subject cargo contained graphite material, it was unable to be reworked or reconditioned for use as intended.

32. The Carmack Amendment imposes strict liability on carriers for such losses once a prima facie case is established.

33. As a result of the cargo damage, Centorr submitted a claim (Claim No. FMZ4460) through its cargo policy with the Plaintiff, Travelers, and requested payment for the damages incurred to the subject cargo.

34. Pursuant to its policy of insurance, Travelers thereby became obligated to pay and did pay Centorr for the loss in the amount of $39,809.33 (including the insured's $500.00 deductible).

35. From the payment, Travelers thereby became legally, contractually and equitably subrogated to the rights of its insured to the extent of the damages as paid on this claim.

## COUNT I
### Dayton Freight Lines, Inc.
(Carmack Liability Pursuant to 49 U.S.C. § 14706)

1-35. Plaintiff hereby restates and realleges Paragraphs 1 through 35 of the Common Allegations as Paragraphs 1 through 35 of Count I, as though fully set forth herein.

36. A. Duie Pyle contracted to carry the subject cargo from Greenville, Michigan to Streetsboro, Ohio by motor truck.

37. To the extent Dayton Freight agreed to provide interstate motor-truck carriage, the Plaintiff seeks relief from the Defendant pursuant to the Carmack Amendment, 49 U.S.C. § 14706.

38. Dayton freight assumed the responsibility for, and was responsible for, the care and custody of the subject cargo from the point of shipment, Greenville, Michigan, to the place of transfer in Streetsboro, Ohio.

39. Dayton Freight acted as a receiving carrier and/or delivering carrier as defined by 49 U.S.C. § 13201(1)(3) of the United States Code with respect to the subject cargo.

40. Upon information and belief, Dayton Freight and their agents received the subject cargo in good order and condition at Greenville, Michigan, and carried it by truck to Streetsboro, Ohio, where it was received by Defendant, A. Duie Pyle, in damaged condition.

41. By reason of the failure to deliver the subject cargo to the intended co-signee at destination in the same good order and sound condition as when received by Dayton Freight in Michigan, the Defendant, as a carrier under the Carmack Amendment, breached its duties under the Carmack Amendment and/or under the contract of carriage.

42. As a result of the damage to the subject cargo, Centorr suffered losses as set forth elsewhere herein, which Travelers became obligated to pay and did pay.

43. At all times relevant, it was the duty of the Defendant, Dayton Freight, to properly facilitate the delivery of the subject cargo in accordance with industry standards, generally accepted practices and principles for a transportation provider delivering cargo from a manufacturer to a customer and pursuant to the Carmack Amendment.

44. As a direct and proximate result of the careless acts and/or omissions of the Defendant, Dayton Freight, under the Carmack Amendment, the subject cargo incurred damage, resulting in the subject damages.

45. As a direct and proximate result of the aforesaid careless acts and/or omissions of the Defendant, Dayton Freight, the subject cargo was severely damaged, and the Plaintiff incurred damages as set forth elsewhere herein.

WHEREFORE, the Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o CENTORR d/b/a VACUUM INDUSTRIES, respectfully requests that this Honorable Court enter Judgement in its favor and against the Defendant, DAYTON FREIGHT LINES, INC, in the amount of $39,809.33 (including the insured's $500.00 deductible), plus the cost for having to bring this action and for any other further relief which this Court deems just and appropriate.

### Count II
**Dayton Freight Lines, Inc.**
(Negligence)

1-45. Plaintiff hereby restates and realleges Paragraphs 1 through 45 of Count I as Paragraphs 1 through 45 of Count II, as though fully set forth herein.

46. If and to the extent the Court concludes that Dayton did not function as a carrier under the Carmack Amendment, Plaintiff pleads the following as an alternative cause of action.

7

47. The subject cargo was packaged properly by the manufacturer and loaded into the Dayton Freight truck.

48. At all times relevant, it was the duty of the Defendant, Dayton Freight, to exercise reasonable and due care in its reception and/or transportation and/or transfer of the subject cargo.

49. At all times relevant, it was the duty of the Defendant, Dayton Freight, to properly receive and/or transport and/or transfer the subject cargo in accordance with industry standards and generally accepted practices and principles of an LTL transportation service contractor providing transportation services.

50. Notwithstanding the aforementioned duties, the Defendant, Dayton Freight, beached its duties in one or more of the following ways:

   a. Failed to exercise due care and act properly and safely in the performance of its reception and/or delivery and/or transfer of the subject cargo;

   b. Failed to exercise due care and act properly and safely in the performance of its reception and/or transfer of the subject cargo, within the appropriate industry standards and generally accepted practices and/or principles;

   c. Failed to exercise due care and to act properly and safely in the performance of the reception and/or delivery and/or transfer of the subject cargo by improperly repackaging the subject cargo which it was not equipped to properly repackage;

   d. Failed to exercise due care and to act properly and safely in the performance of its reception and/or delivery and/or transfer of the subject cargo by failing to provide Centorr with any warnings (or adequate warnings) that the condition of the subject cargo had been altered; and

   e. Otherwise failed to exercise due care and to act properly and safely in its performance of the reception and/or delivery and/or transfer of the subject cargo.

51. As a direct and proximate result of the aforesaid negligence and/or careless acts and/or omissions of the Defendant, Dayton Freight, the subject cargo incurred damaged and the Plaintiff incurred damages as set forth elsewhere herein.

WHEREFORE, the Plaintiff, TRAVELERS PROPERTY CASUALTY COMPNAY OF AMERICA a/s/o CENTORR d/b/a VACUUM INDUSTRIES, respectfully requests that this Honorable Court enter Judgement in its favor and against the Defendant, DAYTON FREIGHT LINES, INC, in the amount of $39,809.33 (including the insured's $500.00 deductible), plus the cost for having to bring this action and for any other further relief which this Court deems just and appropriate.

**<u>Count III</u>**
**Dayton Freight Lines, Inc.**
(Bailment)

1-51. Plaintiff hereby restates and realleges Paragraphs 1 through 51 of Count II as Paragraphs 1 through 51 of Count III, as though fully set forth herein.

52. If and to the extent the Court concludes that Dayton Freight did not function as a motor carrier under the Carmack Amendment, Plaintiff pleads the following as an alternative cause of action.

53. Dayton Freight accepted the subject cargo and agreed to deliver it in the same good order and condition as when received by the manufacturer.

54. Upon acceptance of the cargo, a bailment was established.

55. Dayton Freight became the bailee of said cargo and had the duty as bailee to redeliver the bailed cargo in the same good order and condition as when it was received.

56. At all times relevant, the Defendant, Dayton Freight, acted as a bailee with respect to the subject cargo, in exchange for good and valuable consideration, and accepted deposit of the subject cargo into their custody and control.

57. At all times relevant, Dayton Freight owed the Plaintiff's insured, Centorr, as owner of the cargo, a duty of care with respect to the subject bailment and agreement.

58. The Defendant, Dayton Freight, received the subject cargo in good order and condition.

59. Thereafter, in breach of their duties to Centorr, this Defendant failed to deliver the subject cargo in the same good order and condition as when it was received.

60. As a direct and proximate result of the aforesaid negligence and as a result of the damaging the cargo, the bailment agreement was breached.

61. As a direct and proximate result of the aforesaid breach of the bailment, the Defendant, Dayton Freight, is liable for the damages incurred.

WHEREFORE, the Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o CENTORR d/b/a VACUUM INDUSTRIES, respectfully requests that this Honorable Court enter Judgement in its favor and against the Defendant, DAYTON FREIGHT LINES, INC., in the amount of $39,809.33 (including the insured's $500.00 deductible), plus the cost for having to bring this action and for any other further relief which this Court deems just and appropriate.

## COUNT IV
**Dayton Freight Lines Inc.**
(Breach of Contract)

1-61. Plaintiff hereby restates and realleges Paragraphs 1 through 61 of Count III as Paragraphs 1 through 61 of Count IV, as if fully set forth herein.

62. If and to the extent the Court concludes that Dayton Freight did not function as a carrier under the Carmack Amendment, Plaintiff pleads the following as an alternative cause of action.

63. Upon information and belief, prior to April 1st, 2021, A. Duie Pyle subcontracted with Dayton Freight for transportation of the shipment from Michigan to Ohio (attached as Exhibit "B").

64. It was the clear and manifest intent of A. Duie Pyle and Dayton Freight that the subject subcontract primarily and directly was intended to benefit Centorr.

65. Plaintiff is therefore a third-party beneficiary of said subcontract between A. Duie Pyle and Dayton Freight.

66. A. Duie Pyle and/or Dayton Freight breached the subcontract for transportation of the cargo from Michigan to New Hampshire by delivering the subject cargo with significant damage at destination in New Hampshire.

67. As a direct and proximate result of the aforesaid breach, the Defendant, Dayton Freight, is liable for the damages incurred.

WHEREFORE, the Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o CENTORR d/b/a VACUUM INDUSTRIES, respectfully requests that this Honorable Court enter Judgement in its favor and against the Defendant, DAYTON FREIGHT, in the amount of $39,809.33 (including the insured's $500.00 deductible), plus the cost for having to bring this action and for any other further relief which this Court deems just and appropriate.

## COUNT V
### A. Duie Pyle
(Carmack Liability)

1-67. Plaintiff hereby restates and realleges Paragraphs 1 through 67 of Count IV as Paragraphs 1 through 67 of Count V, as if fully set forth herein.

68. A. Duie Pyle contracted with the insured to carry the subject cargo from Greenville, Michigan to Nashua, New Hampshire, by motor truck.

11

69. To the extent A. Duie Pyle agreed to provide interstate motor-truck carriage, the Plaintiff seeks relief from the Defendant pursuant to the Carmack Amendment, 49 U.S.C. §14706.

70. A. Duie Pyle assumed responsibility for, and was responsible for, the care and custody of the subject cargo from the point of shipment, Greenville, Michigan, to the place of transfer in Nashua, New Hampshire, including the period of custody of any subcontractors.

71. A. Duie Pyle acted as a receiving carrier and/or delivering carrier as defined by 49 U.S.C. §13201(1)(3) with respect to the subject cargo.

72. Upon information and belief, A. Duie Pyle and their agents received the subject cargo at their LTL Service Center in damaged condition in Streetsboro, Ohio, and carried it by truck to Nashua, New Hampshire, where it was received by Centorr in damaged condition.

73. Upon information and belief, the subject cargo was damaged some time prior to A. Duie Pyle's departure from the service center, where they note damage on the Bill of Lading (see Exhibit "C").

74. By reason of the failure to deliver the subject cargo to the intended cosignee at destination in the same good order and condition as when received by Dayton Freight in Michigan, Defendant, as a carrier under the Carmack Amendment, breached its duties under the Carmack Amendment, and/or under the contract of carriage.

75. As a result of the damage to the subject cargo, Centorr suffered losses as set forth elsewhere herein, which Travelers became obligated to pay and did pay.

76. At all times relevant, it was the duty of the Defendant, A. Duie Pyle, to properly facilitate the delivery of cargo in accordance with industry standards and generally accepted practices, principles for a transportation provider delivering cargo from a manufacturer to a customer and pursuant to the Carmack Amendment.

77. As a direct and proximate result of the careless acts and/or omissions of the Defendant, A. Duie Pyle, under the Carmack Amendment, the subject cargo incurred damage, resulting in subject damages.

78. As a direct and proximate result of the aforesaid careless acts and/or omissions of the Defendant, A. Duie Pyle, the subject cargo and its contents were severely damaged, and the Plaintiff incurred damages as set forth elsewhere herein.

WHEREFORE, the Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o CENTORR d/b/a VACUUM INDUSTRIES, respectfully requests that this Honorable Court enter Judgement in its favor and against the Defendant, A. DUIE PYLE, in the amount of $39,809.33 (plus the insured's $500.00 deductible), plus the cost for having to bring this action and for any other further relief which this Court deems just and appropriate.

### Count VI
### A. Duie Pyle
(Breach of Contract)

1-78. Plaintiff hereby restates and realleges Paragraphs 1 through 78 of Count V as Paragraphs 1 through 78 of Count VI, as though fully set forth herein.

79. Plaintiff's insured, Centorr contracted with A. Duie Pyle.

80. A. Duie Pyle sub-contracted with Dayton Freight for the pick-up and delivery of the subject cargo (Exhibit "B").

81. Pursuant to the contract and agreement with Centorr, A. Duie Pyle agreed to safely deliver seven (7) crates of specialty manufactured Graphite Furnace Susceptors to Centorr via their LTL transportation services.

82. A. Duie Pyle failed to perform its obligations under the agreement and delivered the subject cargo in damaged condition.

83. As a direct and proximate result of the aforesaid breach of contract, the Defendant, A. Duie Pyle, is liable for the damages incurred.

WHEREFORE, the Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o CENTORR d/b/a VACUUM INDUSTRIES, respectfully requests that this Honorable Court enter Judgement in its favor and against the Defendant, A. DUIE PYLE, in the amount of $39,809.33 (including the insured's $500.00 deductible), plus the cost for having to bring this action and for any other further relief which this Court deems just and appropriate.

### Count VII
### A. Duie Pyle
(Bailment)

1-83. Plaintiff hereby restates and realleges Paragraphs 1 through 83 of Count VI as Paragraphs 1 through 83 of Count VII, as though fully set forth herein.

84. If and to the extent the Court concludes that A. Duie Pyle did not function as a motor carrier under the Carmack Amendment, Plaintiff pleads the following as an alternative cause of action.

85. A. Duie Pyle accepted the subject cargo and agreed to deliver it in good order and condition as when received by Dayton Freight from the manufacturer in Michigan.

86. A. Duie Pyle thereby became the bailee of said cargo and had the duty as bailee to redeliver the bailed cargo in the same good order and condition as when received by Dayton Freight from the manufacturer.

87. At all times relevant, the Defendant, A. Duie Pyle, acted as a bailee with respect to the subject cargo. In exchange for good and valuable consideration, they accepted deposit of the subject cargo into their custody and control.

88. At all times relevant, A. Duie Pyle owed the Plaintiff's insured, Centorr, as owner of the cargo, a duty of care with respect to the subject agreement.

89. The Defendant, A. Duie Pyle, received the subject cargo in damaged condition. Thereafter, in breach of their duties to Centorr, they did not deliver the subject cargo in the same good order and condition as when received from the manufacturer.

90. As a direct and proximate result of the aforesaid negligent bailment, the subject cargo was damaged.

91. As a direct and proximate result of the aforesaid negligent bailment of the Defendant, A. Duie Pyle, the subject cargo was damaged, and the Plaintiff incurred damages as set forth elsewhere herein.

WHEREFORE, the Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o CENTORR d/b/a VACUUM INDUSTRIES, respectfully requests that this Honorable Court enter Judgement in its favor and against the Defendant, A. DUIE PYLE, in the amount of $39,809.33 (including the insured's $500.00 deductible), plus the cost for having to bring this action and for any other further relief which this Court deems just and appropriate.

### Count VIII
### A. Duie Pyle
(Breach of Brokerage Agreement)

1-91. Plaintiff hereby restates and realleges Paragraphs 1 through 91 of Count VII as Paragraphs 1 through 91 of Count VIII, as though fully set forth herein.

92. If and to the extent the Court concludes that Dayton Freight did not function as a carrier under the Carmack Amendment, Plaintiff pleads the following as an alternative cause of action.

93. To the extent A. Duie Pyle contends it acted only as a freight broker with respect to the carriage of the subject cargo, it owed certain contractual duties to Centorr as the owner of the cargo. Said duties include the following, without limitation:

   a. Using good professional judgement in the selection and hiring of motor carriers;

   b. Ensuring that any hired motor carrier had proper insurance coverage;

   c. Reviewing the licensing and safety history of any motor carrier it selected to carry the cargo in order to select a safe, responsible, and reliable truck driver;

   d. Ensuring that the motor carrier it was hiring did not re-broker the carriage of the cargo in violation of 49 U.S.C. § 14916;

   e. Tendering the shipment to reliable and licensed motor carriers rather than re-brokering the shipment to another freight broker;

   f. Maintaining contingent cargo insurance with respect to the subject cargo; and

   g. Apportioning insurance proceeds from the loss equitably between the owner of the subject cargo and the owner of the delivering unit.

94. The Defendant, A. Duie Pyle, breached the aforementioned duties, or some of them, and others subject to discovery herein, and as a result the cargo was damaged, and the Plaintiff suffered damages as set forth elsewhere herein.

WHEREFORE, the Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a/s/o CENTORR d/b/a VACUUM INDUSTRIES, respectfully requests that this Honorable Court enter Judgement in its favor and against the Defendant, A. DUIE PYLE, in the amount of $39,809.33 (including the insured's $500.00 deductible), plus the cost for having to bring this action and for any other further relief which this Court deems just and appropriate.

>                                   Respectfully Submitted,
>
>                                   /s/Stuart M. Brody
>                                   One of Plaintiff's Attorneys

Attorneys for Plaintiff:
Stuart M. Brody, Esq.
Thompson, Brody & Kaplan, LLP
161 North Clark Street, Suite 3575
Chicago, Illinois 60601-3214
Phone No. (312) 782-9320
E-Mail: Brody@tbkllp.com
Bar No. IL6203873