# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a/s/o CENTORR d/b/a VACUUM INDUSTRIES, | ) ) ) ) ) | CASE NO. 5:22-cv-1550 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| DAYTON FREIGHT LINES, INC., et al., | ) ) ) | |
| DEFENDANTS. | ) | |

Presently before the Court is the motion of defendant A. Duie Pyle ("Pyle") to dismiss Count VI of the Complaint filed by plaintiff Travelers Property Casualty Company of America a/s/o Centorr d/b/a Vacuum Industries ("plaintiff" or "Travelers"). (Doc. No. 7 (Motion); *see* Doc. No. 2 (Complaint) ¶¶ 79–83.) The motion is unopposed. Because the claim in Count VI is abandoned and otherwise preempted by federal law, the motion to dismiss Count VI is granted.

## I. BACKGROUND

This action arises out of the interstate shipment of goods from Greenville, Michigan to New Hampshire. (Doc. No. 2 ¶¶ 14, 17.) Plaintiff issued an insurance policy to Centorr d/b/a Vacuum Industries ("Centorr"), the purchaser of the goods, covering the goods in question and their shipment. (*Id.* ¶¶ 3–4, 10.) Pyle was hired to transport the goods, and he, in turn, subcontracted with defendant Dayton Freight Lines, Inc. ("Dayton Freight") to perform carriage of the goods from the manufacturer to its service station in Streetsboro, Ohio. (*Id.* ¶¶ 14–15.)

According to the complaint, the goods were damaged at some point during transit. (*Id.* ¶¶ 19–30.) As a result of the cargo damage, Centorr submitted a claim to Travelers, obligating Travelers to pay for losses in the amount of $39,809.33 (including the insured's $500.00 deductible), and rendering Travelers subrogated to the rights of Centorr. (*Id.* ¶¶ 33–35.)

On September 1, 2022, Travelers brought the present action in federal court raising claims under the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"), 49 U.S.C. § 14706 *et seq.*, and state law. (*See generally id.*) Pyle's motion seeks to dismiss Count VI, which raises a breach of contract claim against Pyle alone. (*See id.* ¶¶ 79–83.) Pyle maintains that Count VI is preempted by the Carmack Amendment.

## II. DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Nor is the Court required to accept as true complaint allegations that are contradicted by public records and other evidentiary materials of which the Court may take judicial notice. *See Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 874–75 (W.D. Mich. 2014) ("A court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the

complaint." (internal quotation marks and citation omitted)); *see also Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) ("[I]f a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document[.]" (internal quotation marks and citation omitted)).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### B. Plaintiff has Abandoned Count VI

As an initial matter, the Court finds that plaintiff has abandoned Count VI. It is well settled that a plaintiff abandons a claim when it fails to oppose a motion to dismiss that claim. *See Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendant's motion to dismiss is grounds for the district court to assume that opposition to the motion is waived (citations omitted)); *Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007) (plaintiff abandoned certain

claims by failing to defend them in his brief in opposition to defendant's motion to dismiss (citations omitted)); *Ullmo v. Ohio Turnpike & Infrastructure Comm'n*, 126 F. Supp. 3d 910, 919 (N.D. Ohio 2015) (finding that the plaintiff abandoned the claim when he failed to respond to defendant's motion to dismiss (citing *Weatherby v. Fed. Express*, 454 F. App'x 480, 490 (6th Cir. 2012)); *see Tranchmontagne v. United States Dep't of Hous. & Urb. Dev.*, 20-cv-12842, 2021 WL 2662283, at *6 (E.D. Mich. June 29, 2021) ("Numerous cases have held that where a plaintiff fails to respond to a motion to dismiss, his or her claims are deemed abandoned." (collecting cases)). Because Travelers failed to respond to the motion to dismiss, the motion can be granted—and the subject claim dismissed—for this reason alone. *See Bryant v. McDonough*, No. 1:20-cv-726, 2021 WL 5359182, at *9 (N.D. Ohio Nov. 17, 2021) (finding plaintiff's failure to argue against dismissal of institutionalized racism claim provided an independent reason to grant the motion to dismiss that claim); *Wheeler v. Long Beach Mortg. Co.*, No. 14-cv-14056, 2015 WL 1637619, at *2 (E.D. Mich. Apr. 13, 2015 ("The fact that Plaintiffs have failed to respond to the Motion to Dismiss means that the Court could simply grant the motion as unopposed." (citations omitted)).

  **C.**  **Count VI is Preempted by the Carmack Amendment**

  If the Court were to reach the arguments raised in Pyle's motion, it would still find Count VI subject to dismissal. Count VI alleges that Pyle breached its contractual obligation with Centorr by delivering the subject cargo in damaged condition. (Doc. No. 2 ¶¶ 81–82.) Travelers seeks to recover the actual amount of damages it paid out to Centorr under the insurance policy

($39,809.33 (including the deductible)), plus costs. (*Id*. ¶ 83; *see id*, Count VII prayer, at 14[1].) This claim is clearly preempted by the Carmack Amendment.

It is well settled that the Carmack Amendment completely preempts a shipper's state common law and statutory causes of action. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06, 33 S. Ct. 148, 57 L. Ed. 314 (1913); *see also Automated Window Mach., Inc. v. McKay Ins. Agency, Inc.*, 320 F. Supp. 2d 619, 620 (N.D. Ohio 2004). Indeed, in *Adams Express*, the Supreme Court stated that, "[a]lmost every detail of the [shipper-interstate carrier relationship] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Adams Express*, 226 U.S. at 505–06.

The Court in *Adams Express* thus held that claims arising out of loss or damage to property transported in interstate commerce are governed by the Carmack Amendment and that all state law claims are preempted. *See id*. Courts, like the Sixth Circuit, have uniformly recognized that the Carmack Amendment's broad preemptive effect extends to all state law claims arising from the transportation and delivery of goods, whether such claims contradict or supplement Carmack Amendment remedies.[2] *See Am. Synthetic Rubber Corp. v. Louisville &*

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[2] There is "an exception to Carmack preemption when 'claims [are] unrelated to the loss of, or damage to, goods in interstate commerce.'" *Next F/X, Inc. v. DHL Aviation Ams., Inc.*, 429 F. Supp. 3d 350, 361 (E.D. Ky. 2019) (quoting *Val's Auto Sales & Repair, LLC v. Garcia*, 367 F. Supp. 3d 613, 620 (E.D. Ky. 2019) (further citation omitted)). "The exception is quite narrow, however, as the preemption embraces all losses resulting from any failure to discharge a carrier's duty as to any party of the agreed transportation." *Id*. at 362 (quotation marks and citations omitted); *see also York v. Day Transfer Co.*, 525 F. Supp. 2d 289, 299 (D.R.I. 2007) ("Thus, to avoid [Carmack] preemption a party must allege conduct on the part of the carrier that is independent from the shipping and transportation of goods at issue, and even from the claims process that may follow—something akin to an allegation of assault and injury inflicted by the carrier upon the shipper." (citations omitted)). Since all of the damages sought by Travelers are either directly or indirectly related to the alleged damage sustained to the goods during transit, this narrow exception does not apply.

*N.R. Co.*, 422 F.2d 462, 465 (6th Cir. 1970) (The Carmack Amendment is "comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." (quotation marks and citation omitted)); *see, e.g.*, *Moffit v. Betkins Van Lines Co.*, 6 F.3d 305, 306–07 (5th Cir. 1993) (Carmack Amendment preempted state law claims for intentional and negligent infliction of emotional distress, breach of contract, misrepresentation, fraud, negligence, and gross negligence).

The Court finds that the breach of contract claim alleged in Count VI of the Complaint is preempted by the Carmack Amendment, as it involves a "failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." *N.Y., Phila. & Norfolk R.R. Co. v. Peninsula Produce Exch.*, 240 U.S. 34, 38, 36 S. Ct. 230, 60 L. Ed. 511 (1916). Because Count VI specifically seeks damages flowing from the shipping agreement with Pyle, it is preempted, and, therefore, it is dismissed.[3]

### III. CONCLUSION

For the foregoing reasons, Pyle's motion to dismiss Count VI is GRANTED, and Count VI is DISMISSED.

**IT IS SO ORDERED.**

Dated: March 14, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court notes that Pyle has not moved to dismiss any other state law claim against him, nor has Dayton Freight moved for dismissal of any of the state law claims asserted against it. Given the absence of a request to dismiss any other claim, the Court leaves the question of whether the remaining state law claims are preempted by the Carmack Amendment for another day.